**MULVANEY MECHANICAL, INC., Plaintiff–Appellee,**

v.

**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 38, Defendant–Appellant.**

**Docket No. 00–7546.**

United States Court of Appeals, Second Circuit.

Argued: Dec. 12, 2000.

Decided: April 24, 2002.

Vacated and Remanded: March 24, 2003.

Decided: Oct. 30, 2003.

44

Jeffrey S. Dubin, Law Office of Jeffrey S. Dubin, Huntington, New York, filed a letter brief for Defendant–Appellant.

Christopher T. Handman, Hogan & Hartson L.L.P., Washington, D.C. (Robert B. Mitchell, Pullman & Comley, LLC, Stamford, Connecticut, of counsel), filed a letter brief for Plaintiff–Appellee.

Mark S. Renner, San Jose, California (Wylie, McBride, Jesinger, Platten & Renner, San Jose, California; Patrick J. Riley, Sheet Metal Workers' International Association, Washington, D.C., of counsel), filed a letter brief for Sheet Metal Workers' International Association as Amicus Curiae.

Thomas J. Grooms, Syracuse, New York, (Paul Limmiatis, Bond, Schoeneck & King, PLLC, Syracuse, New York, of counsel), filed a letter brief for Mechanical Contractors Association of Connecticut, Inc., and Plumbing–Heating–Cooling Contractors National Association as Amici Curiae.

Before: FEINBERG, CARDAMONE, and F.I. PARKER *, Circuit Judges.

---

PER CURIAM:

Plaintiff Mulvaney Mechanical Inc. (Mulvaney) had contracted a collective bargaining agreement (agreement) with the Sheet Metal Workers International Association, Local 38 (union) through a multi-employer bargaining group, until the union decided in 1997 that it preferred to bargain with the employers individually. The union and Mulvaney thereafter attempted to negotiate a new labor contract but, when they reached an impasse, the union authorized a strike upon the expiration of the existing bargaining agreement. Several months after the work stoppage, the union invoked the original agreement's broad interest arbitration provision so that an arbitration panel of the National Joint Adjustment Board could establish the terms of a new contract between it and Mulvaney. The arbitration panel required Mulvaney to execute a new collective bargaining agreement, and Mulvaney sued in state court to vacate the arbitration award.

The union removed the suit to the United States District Court for the District of Connecticut (Chatigny, J.), basing federal question jurisdiction on § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1994). On cross-motions for summary judgment, the district court vacated the arbitration award as extra-jurisdictional. It held that the union's strike constituted a repudiation of the agreement and that Mulvaney was thereby entitled to rescind the agreement, including the arbitration provision. *See Mulvaney Mech., Inc. v. Sheet Metal Workers Int'l Ass'n, Local 38,* No. 3:98CV1750, 2000 WL 852430, at *3, *4 (D.Conn. Mar.31, 2000).

We vacated the district court's judgment and remanded the case for entry of judg-

---

* The Honorable Fred I. Parker, who was a member of the panel, died on August 12, 2003, and this remand from the Supreme Court is being decided by the two remaining members of the panel, who are in agreement. *See* Local Rule § 0.14(b).

ment confirming the mandatory terms of the arbitration award and vacating that portion of the award that contained non-mandatory terms. *Mulvaney Mech., Inc. v. Sheet Metal Workers Int'l Ass'n, Local 38,* 288 F.3d 491 (2d Cir.2002). We held first that the strike did not *ipso facto* terminate the agreement. *Id.* at 498–501. We decided however that it remained an open question whether the strike rendered the agreement voidable, permitting Mulvaney to rescind the entire agreement. *Id.* at 501–02. We declined to address the merits of this issue because we held that the question of whether an agreement has been repudiated is to be determined by the arbitrator rather than the court. *Id.* at 503.

The United States Supreme Court granted Mulvaney's petition for a writ of certiorari. *Mulvaney Mech., Inc. v. Sheet Metal Workers Int'l Ass'n, Local 38,* 538 U.S. 918, 123 S.Ct. 1572, 155 L.Ed.2d 308 (Mar. 24, 2003). It summarily vacated our judgment and remanded for our further consideration in light of *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002). Thereafter, at our request, the parties filed supplemental briefs.

## DISCUSSION

We have reconsidered this case in light of *Howsam,* and adhere to our prior decision. Consequently, we again direct the district court to vacate its judgment, and we remand for proceedings in that court consistent with our prior panel opinion. *See Mulvaney,* 288 F.3d at 491.

In *Howsam,* the Supreme Court held that the application of a National Association of Securities Dealers (NASD) rule imposing a time limit on submission of disputes for arbitration was a matter presumptively for the arbitrator rather than the court. 537 U.S. at 81, 123 S.Ct. 588.

In reaching this conclusion, the Court distinguished between "questions of arbitrability," which are to be resolved by the courts unless the parties have clearly agreed otherwise, and other "gateway matters," which are presumptively reserved for the arbitrator's resolution. *Id.* at 83–85, 123 S.Ct. 588. The former, relatively narrow category includes disputes about "whether the parties are bound by a given arbitration clause" and "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." *Id.* at 84, 123 S.Ct. 588. The latter category, by contrast, includes disputes about such defenses to arbitrability as waiver, estoppel, laches, and time limits. *Id.* at 84–85, 123 S.Ct. 588. The Court concluded that the NASD rule on time limits fell into this second, broader category of issues reserved for an arbitrator. *Id.* at 85–86, 123 S.Ct. 588.

Mulvaney's arguments before us implicated both categories of issues identified in *Howsam.* Mulvaney claimed it should not be compelled to arbitrate under the arbitration clause of the agreement because: (1) the agreement had been terminated by the employees' strike in violation of both the collective bargaining agreement and the National Labor Relations Act's notice requirements; and (2) the strike, coupled with the union's subsequent pronouncements that the agreement had been terminated, constituted a repudiation of the agreement, giving Mulvaney the right to rescind it. *Mulvaney,* 288 F.3d at 498. We addressed Mulvaney's first claim on the merits, *id.* at 498–501, and rejected it, but declined to address the merits of Mulvaney's second claim, holding that "the equitable defense of repudiation" was a matter reserved for the arbitrator, *id.* at 501–04.

We think that both aspects of our opinion are consistent with *Howsam.* The

question of whether the union's conduct terminated the agreement is akin to the question of whether a binding agreement to arbitrate exists at all, and thus falls in the category of "questions of arbitrability" presumptively reserved for the courts.

The issue of the union's alleged repudiation presents a closer question. It too raises questions about the ongoing validity of the underlying contract, and therefore presents a substantive challenge to the authority of the arbitrator. It also, however, presumes the one-time existence of a valid contract and goes to the enforcement of that contract against Mulvaney. Upon repudiation, a contract does not cease to exist, but merely becomes voidable, and the non-repudiating party may enforce the contract or rescind it. *See* 4 Arthur Linton Corbin, *Corbin on Contracts* § 982, at 944–45 (1951); 13 Richard A. Lord, *Williston on Contracts* § 39:37, at 663–68 (4th ed.2000). The question therefore is not the existence of an agreement, but rather the ongoing enforceability of an agreement that the parties unquestionably had reached.

Because the parties agreed to arbitrate, and because the language of the arbitration clause encompasses the union's strike and the consequences thereof, *see Mulvaney*, 288 F.3d at 502, the only remaining question is whether the union's subsequent conduct discharges Mulvaney's obligation to arbitrate. We are persuaded that, on balance, the issue of repudiation most closely resembles the defenses to arbitrability such as waiver, estoppel, or delay that the Supreme Court listed as questions properly decided by arbitrators.

## CONCLUSION

For the reasons explained above, we reaffirm our opinion *Mulvaney Mech., Inc. v. Sheet Metal Workers Int'l Ass'n, Local 38*, 288 F.3d 491 (2002). In accordance with that decision, we vacate the judgment appealed from and remand the case to the district court for entry of judgment confirming the mandatory terms of the National Adjustment Board's arbitration award and vacating that portion of the award that includes nonmandatory terms.

Vacated and remanded.